UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO. 5:24-cr-00031

LEONDUS WHITTENBURG – 4

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Leondus Whittenburg's Motion to Suppress November 13, 2023, Video/Audio [ECF 101], filed August 21, 2024. The Government responded in opposition on August 26, 2024. [ECF 117]. The matter is ready for adjudication.

**I.**

Mr. Whittenburg is charged in three counts of a seven count indictment. Mr. Whittenburg is charged in Count One with conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846 and in Counts Six and Seven with distribution of five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1).

Mr. Whittenburg seeks to suppress audio and video recordings of a controlled purchase of methamphetamine that occurred on or about November 13, 2023. Mr. Whittenburg asserts the evidence should be "suppressed" under *Federal Rule of Evidence* 403, as the recording is largely blank and the audio is unclear and thus the prejudicial effect of the recording would outweigh any probative value. The Government responds the evidence is relevant and intrinsic to proving the crime for which Mr. Whittenburg is charged. The Government asserts the audio and video recording will establish an element of the offense in Count Six. Specifically, the recording

will show that Mr. Whittenburg traveled to a Food Lion parking lot and distributed approximately one pound of methamphetamine.

## II.

District courts "may exclude relevant evidence if its probative value is substantially outweighed by the danger of . . . unfair prejudice." Fed. R. Evid. 403. "[U]nfair prejudice speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *United States v. Hart*, 91 F.4th 732, 743 (4th Cir. 2024) (quoting *United States v. Tillmon*, 954 F.3d 628, 643 (4th Cir. 2019)). "In contrast to such unfairly prejudicial evidence, we have found prejudicial evidence admissible when it directly establishe[s] an element of the offense." *United States v. Miller*, 61 F.4th 426, 429 (4th Cir. 2023) (alteration in original) (internal quotations omitted).

The audio and video recordings hold significant probative value as they help depict the transaction alleged in Count Six. *See United States v. Miller,* 61 F.4th 426, 431 (4th Cir. 2023) (finding evidence to be highly probative because it goes directly to the elements of an offense). Here, the evidence could be used to show Mr. Whittenburg distributed a controlled substance on or about November 13, 2023. Further, though the evidence is prejudicial, it is not unfairly so. The audio and video recordings are proof specific to one of the offenses charged. Ultimately, the proper treatment of the audio and video recordings is a matter of weight, not admissibility.

Accordingly, the Court **DENIES** Mr. Whittenburg's Motion to Suppress [**ECF 101**].

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to the Defendant and his counsel, the United States Attorney, the United States Probation Officer, and the United States Marshal Service.

ENTER:　　September 24, 2024

Frank W. Volk
Chief United States District Judge